**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

NIKKI D. KASSA,

        Plaintiff,

vs.                                     Cause No.: 10-CV-933-JB-ACT

THE PLANS ADMINISTRATION
COMMITTEE OF CITIGROUP, INC.
and LIFE INSURANCE COMPANY
OF NORTH AMERICA (CIGNA),

        Defendants.

**PLAINTIFF'S MOTION TO STRIKE, REQUIRE ADMENDMENT, OR**
**DEEM ADMITTED PORTIONS OF ANSWER OF PACC AND LINA**

I.        INTRODUCTION

Plaintiff Nikki D. Kassa, by and through her counsel, Charles R. Finley of Warner & Finley, Attorneys at Law, hereby moves the court for an Order striking portions of Defendants PACC and LINA's Answer to Plaintiff's Complaint for Wrongful Denial of Accidental Death Benefits and Breach of ERISA Rights.  In the alternative, Plaintiff moves the court for an order requiring Defendants to amend their answers, or that Defendants' answers be deemed an admission of the Complaint's allegations, pursuant to Rules 8(b-d) and12(f) F.R. Civ. P.

The paragraphs from Defendants' Answer which are the subject of this Motion are paragraphs 18, 19, 20, 21, 22, 23, 24, 26, 28, 39, 40, 41, 42, 43, 44, 45, 47, 48, 49, 50, 60, 67, 68, 69, 73, 74, 85 and 89A (Due to a typographical error, there are two paragraphs numbered 89 in the Complaint.  The first paragraph 89 is therefore referred to in this

1

Motion as 89A).  For the court's convenience, Plaintiff has attached as Exhibit 1 to this Motion the excerpted paragraphs of Plaintiff's Complaint, followed by the excerpted Answer from Defendants for each of the above-numbered paragraphs together with the relevant objection to each answer.

## II.    LEGAL AUTHORITY

Pursuant to Rule 12(f) F.R. Civ. P., the court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" and Rule 8(b)(1)(A) and (B) state

> In General.  In responding to a pleading, a party must:
>
> (A)    State in short and plain terms its defenses to each claim asserted against it; and
>
> (B)    Admit or deny the allegations asserted against it by an opposing party.

Similarly, Rule 8(b)(2) F.R. Civ. P. provides "Denials – Responding to the Substance.  A denial must fairly respond to the substance of the allegation."

Rule 8(b)(5) provides "Lacking Knowledge or Information.  A party that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state, and the statement has the effect of a denial."

> For too many years and in too many hundreds of cases this Court has been reading, and has been compelled to order the correction of, allegedly responsive pleadings that are written by lawyers who are either unaware of or chose to depart from Rule 8(b)'s plain road map.  It identifies only three alternatives as available for use in an answer to the allegations of a complaint:  to admit those allegations, to deny them, or to state a disclaimer (if it can be made in the objective and subjective good faith demanded by Rule 11) in the express terms of the second sentence of Rule 8(b), which then entitles the pleader to the benefit of a deemed denial. …
>
> This court's efforts at lawyer education through the issuance of repeated brief opinions or oral rulings, or through faculty participation in seminars and symposia on federal pleading and

practice, have proved unavailing.  It is time for this court to follow the rules itself, in this instance Rule 8(d):

> Averments in a pleading to which a responsive pleading is required,   other than those as to the amount of damage, are admitted when not denied in the responsive pleading.

*King Vision Pay-Per-View, Ltd. v. J. C. Demitri's, Inc.,* 180 F.R.D. 332-334 (N.D. Ill., 1998).

In some of the answers to which Plaintiff objects in Exhibit 1 to this Motion, Defendants state that they "need not respond to the extent that the allegations call for a legal conclusion".  This response is improper, and Defendants should respond to those allegations.

> Defendants' position that a party need not respond to the legal allegations in a complaint is refuted by *Fed. R. Civ. P.* 8(b), which specifically requires:

>> A party shall state in short and plain terms the party's defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies.  If a party is without knowledge or information sufficient to form a belief as to the truth of an averment, the party shall so state and this has the effect of a denial.

> Thus, the Rule specifically allows three forms for an answer.  In addition, it goes on to give guidance concerning such answers. The Rule requires:

>> Denials shall fairly meet the substance of the averments denied.  When a pleader intends in good faith to deny only a part or a qualification of an averment, the pleader shall specify so much of it as is true and material and shall deny only the remainder.

> Nothing in this rule suggests that a Defendant need only respond to the factual allegations of the complaint.  Rather, a party must respond to both the factual and legal allegations.

> The reason for requiring a response to both the factual and the legal allegations lies in the purpose behind *Rule 8*.  This is succinctly set out by the treatise writers which discuss the Rule.

3

They point out that:

> [A] defendants pleading should apprise the opponent of those allegation in the complaint that stand admitted and will not be in issue at trial and those that are contested and will require proof to be established to enable the plaintiff to prevail. ...
>
> ....
>
> If an answer is not sufficiently definite in nature to give reasonable notice of the allegations in the complaint sought to be placed in issue, the opponent's averments may be treated as admitted.
>
> 5 Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure*, §1261 @ 526-528 (3rd ed. 2004).

*Farrell v. Pike,* 342 F. Supp. 2nd 433, 440-441 (M.D.C. N.C. 2004)

The present answer by Defendants is filled with non-responses and/or impertinent responses which are immaterial to the allegations of the Complaint. This is prejudicial to the Plaintiff, because the answer does not apprise the Plaintiff of which of the allegations are admitted and which are contested.

Plaintiff recognizes that motions to strike are generally regarded with disfavor, unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties (internal citations omitted). *Leviton Manufacturing Co. v. Zhejiang Donghjeng Electrical Co.*, 506 F. Supp.2d 646 (D.N.M. 2006). Therefore, Plaintiff has brought this Motion in the alternative, seeking as to specific responses that the court strike, require amendment or deem the particular paragraph admitted. Plaintiff's requests as to the specific response are set forth in the "Objection" column of Exhibit 1.

4

III.     Concurrence of Counsel

Plaintiff has presented this Motion to opposing counsel before filing with the court.  Opposing counsel does not concur with this Motion.

IV.     Conclusion

Plaintiff requests an order from the court striking, requiring amendment or deeming admitted the subject paragraphs of the Complaint as set forth in Exhibit 1 to this Motion.

Respectfully submitted,

WARNER & FINLEY

By _____/s/ Charles R. Finley_____
        Charles R. Finley
        Attorneys for Plaintiff
        4215 Lead Ave. SE
        Albuquerque, NM  87108
        (505) 268-4000
        warnerandfinley@qwest.net

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of November, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

Kristina Martinez
P. O. Box 2208
Santa Fe, NM 87504-2208
kemartinez@hollandhart.com

Jack M. Englert, Jr.
6380 S. Fiddler's Green Circle, Suite 500
Greenwood Village, CO 80111
jenglert@hollandhart.com

/s/ Charles R. Finley_____