## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

NIKKI D. KASSA,

        Plaintiff,

vs.                                                                 No. CIV 10-0933 JB/ACT

THE PLANS ADMINISTRATION
COMMITTEE OF CITIGROUP,
INC. and LIFE INSURANCE COMPANY
OF NORTH AMERICA,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Plaintiff's Motion to Strike, Require

Admendment [sic], or Deem Admitted Portions of Answer of PACC and LINA, filed November 22,

2010 (Doc. 9)("Motion").  The Court held a hearing on January 3, 2011.  The primary issue is

whether the Court should strike or order the Defendants to amend portions of their Answer of PACC

and LINA, filed October 29, 2010 (Doc. 5)("Answer").  Because portions of the Defendants' answer

does not comport with the requirements of rule 8(b) of the Federal Rules of Civil Procedure, the

Court orders the Defendants to amend their responses to paragraphs 39, 40, 41, 43, 45, 47, 48, 73,

74, and 85 of Plaintiff Nikki Kassa's Complaint for Wrongful Denial of Accidental Death Benefits

and Breach of ERISA Rights, filed October 1, 2010 (Doc. 1-1)("Complaint").

## PROCEDURAL BACKGROUND

Kassa moves the Court for an Order striking paragraphs 18, 19, 20, 21, 22, 23, 24, 26, 28,

39, 40, 41, 42, 43, 44, 45, 47, 48, 49, 50, 60, 67, 68, 69, 73, 74, 85 and 89A[1] of Defendants' Answer to her Complaint.  In the alternative, she moves the court for an order requiring Defendants to amend their responses, or that Defendants' responses be deemed an admission of the Complaint's allegations.  Kassa contends that the Defendants' present responses are "filled with non-responses and/or impertinent responses which are immaterial to the allegations of the Complaint.  This is prejudicial to the Plaintiff, because the answer does not apprise the Plaintiff of which of the allegations are admitted and which are contested."  Motion at 4.

On December 9, 2010, the Defendants filed their Response to Kassa's Motion to Strike, Require Amendment, or Deem Admitted Portions of Answer.  See Doc. 17.  The Defendants assert that their responses to the Complaint's allegations are fairly responsive to the Complaint, pertain to the issues of the litigation, and quite appropriately inform Kassa and the Court of the Defendants' positions and the defenses.

At the January 3, 2011 hearing, the parties agreed to deem the Defendants' answers to paragraphs 18, 19, 20, 21, 22, 23, 24, 26, 28, 42, 44, 49, 50, 60, 67, 68, 69 and 89A denials of the corresponding paragraphs of the Complaint.  Kassa stated that the parties' agreement to de novo review at the scheduling conference resolved its concerns about the Defendants' answer to paragraph 45.

## LAW REGARDING MOTIONS TO STRIKE

Rule 12(f) of the Federal Rules of Civil Procedure provides:

**(f) Motion to Strike.** The court may strike from a pleading an insufficient defense

---

[1] Because of a typographical error, there are two paragraphs numbered 89 in the Complaint.  The Court adopts the Kassa's convention of referring to the first paragraph 89 as 89A.

or any redundant, immaterial, impertinent, or scandalous matter.  The court may act:

> **(1)** on its own; or

> **(2)** on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

Fed. R. Civ. P. 12(f).  Professors Charles Alan Wright and Arthur Miller have recognized, however, that such motions are not favored and, generally, should be denied.

> The district court possesses considerable discretion in disposing of a Rule 12(f) motion to strike redundant, impertinent, immaterial, or scandalous matter.  However, because federal judges have made it clear, in numerous opinions they have rendered in many substantive contexts, that Rule 12(f) motions to strike on any of these grounds are not favored, often being considered purely cosmetic or "time wasters," there appears to be general judicial agreement, as reflected in the extensive case law on the subject, that they should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy . . . .

5C C. Wright & A. Miller, Fed. Prac. & Proc. Civ. § 1382, at 458 (3d. ed. 2004)(footnotes omitted).

See Burget v. Capital W. Sec., Inc., No. CIV-09-1015-M, 2009 WL 4807619, at *1 (W.D. Okla. Dec. 8, 2009)("While motions to strike are generally disfavored, the decision to grant a motion to strike is within the discretion of the court.")(citing Scherer v. U.S. Dep't of Educ., 78 F. App'x 687, 689 (10th Cir. 2003)).  "Striking a pleading or part of a pleading is a 'drastic remedy and because a motion to strike may often be made as a dilatory tactic, motions to strike under Rule 12(f) generally are disfavored.'"  Sai Broken Arrow C, LLC v. Guardian Emergency Vehicles, Inc., No. 09-CV-0455-CVE-FHM, 2010 WL 132414, at *5 (N.D. Okla. Jan. 8, 2010)(quoting Burget v. Capital W. Sec., Inc., 2009 WL 4807619, *1).  "Allegations will not be stricken as immaterial under this rule unless they have no possible bearing on the controversy."  Sai Broken Arrow C, LLC v. Guardian Emergency Vehicles, Inc., 2010 WL 132414, at *5 (quoting Bd. of County Comm'rs of the County of La Plata, Colo. v. Brown Group Retail, Inc., Civ. No. 08-CV-00855-LTB, 2009 WL

2514094, at *2 (D. Colo. Aug. 14, 2009)).  "The Court must be convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defenses succeed." <u>Friends of Santa Fe County v. LAC Minerals, Inc.</u>, 892 F. Supp. 1333, 1343 (D.N.M. 1995)(Hansen, J.)(quoting <u>Carter-Wallace, Inc. v. Riverton Lab.</u>, 47 F.R.D. 366, 368 (S.D.N.Y. 1969))(internal quotation marks omitted).

Professors Wright and Miller have also commented on what constitutes "immaterial" matter in the context of a motion to strike.  "'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded, or a statement of unnecessary particulars in connection with and descriptive of that which is material." 5C C. Wright & A. Miller, <u>supra</u> § 1382, at 458 (footnotes omitted).  Moreover, "[o]nly material included in a 'pleading' may be the subject of a motion to strike, and courts have been unwilling to construe the term broadly. Motions, briefs, . . . memoranda, objections, or affidavits may not be attacked by the motion to strike." <u>Dubrovin v. The Ball Corp. Consol. Welfare Ben. Plan For Employees</u>, No. 08-CV-00563-WYD-KMT, 2009 WL 5210498, at *1 (D. Colo. Dec. 23, 2009)(quoting 2 M. Squiers & J. Moore, <u>Moore's Federal Practice</u> § 12.37[2], at 12-128 (3d ed. 2004)).  <u>See Ysais v. N.M. Judicial Std. Comm'n</u>, 616 F. Supp. 2d 1176, 1184 (D.N.M. 2009)(Browning, J.)("Generally . . . motions, briefs, and memoranda may not be attacked by a motion to strike.")(citing <u>Searcy v. Soc. Sec. Admin.</u>, 956 F.2d 278, at *1, *4 (10th Cir. Mar 2, 1998)).  "The Federal Rules of Civil Procedure define 'pleadings' as a complaint or third-party complaint; an answer to a complaint, a third-party complaint, a counterclaim, or a crossclaim; and, 'if the court orders one, a reply to an answer.'" <u>Ysais v. N.M. Judicial Std. Comm'n</u>, 616 F. Supp. 2d at 1184 (quoting Fed. R. Civ. P. 7(a)).

Rule 12(f) does not require that a movant show prejudice. and the advisory committee notes

do not contemplate such a requirement.  In <u>Atlantic Richfield Co. v. Ramirez</u>, the Ninth Circuit held:

> We affirm the district court's decision striking the fourth and fifth counterclaims seeking declaratory relief under the PMPA.  These counterclaims were duplicative of Arco's declaratory action.  <u>See</u> Fed. R. Civ. P. 12(f) (authorizing district courts to strike from the pleadings "any redundant, immaterial, impertinent, or scandalous matter").  <u>We reject Ramirez' contention that we should require the moving party to demonstrate prejudice in order to justify striking redundant material. Rule 12(f) says nothing about a showing of prejudice and allows a court to strike material sua sponte. We decline to add additional requirements to the Federal Rules of Civil Procedure when they are not supported by the text of the rule.  See In re Glenfed[, Inc. Securities Litigation]</u>, 42 F.3d [1541,] 1546 [(9th Cir. 1994)("We are not permitted to add new requirements to Rule 9(b) simply because we like the effects of doing so.").

<u>Atlantic Richfield Co. v. Ramirez</u>, 176 F.3d 481, at *2.  The Court agrees with the Ninth Circuit that it should not add a requirement that the drafters did not place there, and that the Supreme Court and Congress did not ratify.  While requiring prejudice may eliminate needless motions to strike that seek only to beautifying the pleadings for their own sake without benefit to the parties, the rules do not require a showing of prejudice, and the Court is "not permitted to add new requirements to Rule [12(f)] simply because we like the effects of doing so."  <u>In re GlenFed, Inc. Securities Litigation</u>, 42 F.3d at 1546.  "Consequently, the Court will not require that a movant show prejudice to prevail on a motion to strike."  <u>Lane v. Page</u>, No. CIV. 06-1071 JB/ACT, 2011 WL 693176, at *18 (D.N.M. Jan. 14, 2011).

## <u>ANALYSIS</u>

As the Court ordered on the record at the January 3, 2011 hearing, the Court orders the Defendants to amend certain portions of their Answer within ten business days of the January 3, 2011 hearing.  The Defendants declined to respond to some of Kassa's allegations, contrary to rule 8(b)'s requirements.  The Defendants stated that some items "speak for themself."  Answer ¶¶ 39, 40, 41, 43, 47, 48, 73, 74, 85, at 12-14, 19, 21.  The Defendants further state in their answers to

paragraphs 73 and 85 that they need not respond to Kassa's legal conclusions. <u>See</u> Answer ¶¶ 45, 73, 85, at 14, 19, 21. Kassa asks the Court to deem her allegations in the corresponding paragraphs of her Complaint admitted or to require the Defendants to amend their Answer.

The Court agrees that portions of the Defendants' Answer do not comply with rule 8(b). Rule 8 requires defendants responding to a complaint to "admit or deny the allegations asserted against it by an opposing party." Fed. R. Civ. P. 8(b)(1)(B). An allegation of the complaint is admitted if "a responsive pleading is required and the allegation is not denied." Fed. R. Civ. P. 8(b)(6). In addition to a denial or admission, a party may also respond that it "lacks knowledge or information sufficient to form a belief about the truth of an allegation," which has the effect of a denial. Fed. R. Civ. P. 8(b)(5). "Rule 8(b) therefore permits only three possible responses to a complaint: (1) admission; (2) denial; or (3) a disclaimer statement in compliance with Rule 8(b)'s provision for lack of knowledge or information, which is deemed a denial." <u>Lane v. Page</u>, 2011 WL 693176, at *20. One way a defendant may comply with these requirements is through a general denial. Rule 8(b)(3) provides:

> **General and Specific Denials.** A party that intends in good faith to deny all the allegations of a pleading -- including the jurisdictional grounds -- may do so by a general denial. A party that does not intend to deny all the allegations must either specifically deny designated allegations or generally deny all except those specifically admitted.

Fed. R. Civ. P. 8(b)(3).

"Defendants must respond to all of a plaintiff's allegations." <u>Lane v. Page</u>, 2011 WL 693176, at *21 (citing Fed. R. Civ. P. 8(b)(1)(B)("In responding to a pleading, a party must . . . admit or deny the allegations asserted against it by an opposing party.")). Responses that documents speak for themselves and that allegations are legal conclusions do not comply with rule

8(b)'s requirements.  See Thompson v. Ret. Plan for Employees of S.C. Johnson & Sons, Inc., Nos. 07-CV-1047, 08-CV-0245, 2008 WL 5377712, at *1-2 (E.D. Wis. Dec. 22, 2008)("Rule 8 does not permit a defendant to respond only by stating that the plaintiff's allegations 'constitute conclusions of law.' . . .  Similarly, Rule 8 does not permit a defendant to respond that the document 'speaks for itself.'" (quoting State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001)); N. Ind. Metals v. Iowa Exp., Inc., No. 2:07-CV-414-PRC, 2008 WL 2756330, at *3 (N.D. Ind. July 10, 2008)("[A] responsive pleading indicating that a document 'speaks for itself' is insufficient and contrary to the Federal Rules of Civil Procedure."); Rudzinski v. Metropolitan Life Ins. Co., Case No. 05 C 0474, 2007 WL 2973830, at  *4 (N.D. Ill. Oct. 4, 2007)(stating that a defendant may not simply employ "summarizing language" and then state, "essentially, that the terms of the referenced documents speak for themselves."); State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001)("Another regular offender is the lawyer who takes it on himself or herself to decline to respond to an allegation because it 'states a legal conclusion.'  That of course violates the express Rule 8(b) requirement that all allegations must be responded to.").  "Indeed, legal conclusions are an 'integral part of the federal notice pleading regime.  Therefore, legal conclusions must be addressed in one of the three ways contemplated by Rule 8.'"  Thompson v. Ret. Plan for Employees of S.C. Johnson & Sons, Inc., 2008 WL 5377712, at *1 (citation omitted).  The Court will therefore require the Defendants to amend their responses to paragraphs 39, 40, 41, 43, 45, 47, 48, 73, 74, and 85 of Kassa's Complaint to comply with rule 8(b)'s requirement that they admit, deny, or disclaim adequate knowledge to respond.  Pursuant to the parties agreement at the January 3, 2011 hearing, the Court deems the Defendants' answers to paragraphs 18, 19, 20, 21, 22, 23, 24, 26, 28, 42, 44, 49, 50, 60, 67, 68, 69 and 89A to be denials of the corresponding paragraphs of the Complaint.

**IT IS ORDERED** that: (i) the Plaintiff's Motion to Strike, Require Admendment [sic], or Deem Admitted Portions of Answer of PACC and LINA, filed November 22, 2010 (Doc. 9) is granted in part and denied in part; (ii) the Court orders the Defendants to amend to comply with rule 8(b) their responses to paragraphs 39, 40, 41, 43, 45, 47, 48, 73, 74, and 85 of Plaintiff Nikki Kassa's Complaint for Wrongful Denial of Accidental Death Benefits and Breach of ERISA Rights, filed October 1, 2010 (Doc. 1-1); (iii) the Court deems the Defendants' answers to paragraphs 18, 19, 20, 21, 22, 23, 24, 26, 28, 42, 44, 49, 50, 60, 67, 68, 69 and 89A to be denials of the corresponding paragraphs of the Complaint; and (iv) the Defendants' amended answer is due within ten business days of the January 3, 2011 hearing.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Charles R. Finley
Warner & Finley
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Kristina Martinez
Holland & Hart, LLP
Santa Fe, New Mexico

-- and --

Jack M. Englert , Jr.
Holland & Hart, LLP
Greenwood Village, Colorado

    *Attorneys for the Defendants*